UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MICHAEL HARMON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL,<br><br>　　　　Defendant. | Case No.  18-cv-03473-RMI<br><br>**ORDER ON CROSS MOTIONS FOR SUMMARY JUJDGMENT**<br><br>Re: Dkt. Nos. 25, 30 |

Plaintiff, Michael Harmon, seeks judicial review of an administrative law judge ("ALJ") decision denying his application for supplemental security income under Title XVI of the Social Security Act. Plaintiff's request for review of the ALJ's unfavorable decision was denied by the Appeals Council, thus, the ALJ's decision is the "final decision" of the Commissioner of Social Security which this court may review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties have consented to the jurisdiction of a magistrate judge (dkts. 4 & 16), both parties have moved for summary judgment (dkts. 25 & 30), and both parties seek a remand to the ALJ. While Plaintiff seeks remand for the immediate calculation and payment of benefits or a limited-scope remand for further proceedings, Defendant seeks a broad remand order for further proceedings without the limitations sought by Plaintiff.

## LEGAL STANDARDS

The decision whether to remand for further proceedings or for payment of benefits generally turns on the likely utility of further proceedings. *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1169 (9th Cir. 2008). A district court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful

purpose." *Smolen v. Chater*, 80 F.3d 173, 1292 (9th Cir. 1996). Specifically, the Court of Appeals for the Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Remand for an immediate award of benefits would be appropriate when: (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and, (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Id*. The second and third prongs of the test often merge into a single question; that is, whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id*. at 1178 n.2; *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (when all three conditions of the credit as true rule are satisfied, and a careful review of the record discloses no reason to seriously doubt that a claimant is, in fact, disabled, a remand for a calculation and award of benefits is required).

## DISCUSSION

Plaintiff filed an application for supplemental security income on November 18, 2014, alleging the application date as the onset date. *See* Administrative Record "*AR*" at 15.[1] The ALJ denied Plaintiff's application on July 19, 2017. *Id*. at 30. The Appeals Council denied Plaintiff's request for review on May 23, 2018. *Id*. at 1-3. Thereafter, Plaintiff sought review in this court. *See* Compl. (dkt. 1). Plaintiff now raises three issues and contends that the ALJ erred: (1) by improperly evaluating Plaintiff's severe impairments independent of his substance abuse and thus erred in failing to find that Plaintiff meets an adverse profile based on his age, education, and work history; (2) by incorrectly evaluating the medical evidence, failing to provide specific and legitimate reasons for rejecting the treating and examining medical source opinions; and, (3), by incorrectly evaluating Plaintiff's testimony. *See* Pl.'s Mot. (dkt. 25) at 8-27.

In response, Defendant begins with a confession of error, noting that the ALJ's decision "was not supported by substantial evidence, and judgment for Plaintiff is appropriate." Def.'s Mot.

---

[1] The *AR*, which is independently paginated, has been filed in several parts as a number of attachments to Docket Entry #20. *See* (dkts. 13-1 through 13-17).

1  (dkt. 30) at 2. Thus, the Commissioner requests a remand such that the ALJ can "reevaluate the
2  medical opinions; obtain medical expert evidence as necessary regarding the nature, severity, and
3  limiting effects of Plaintiff's medically determinable impairment[s]; further consider whether
4  Plaintiff's drug addiction and/or alcoholism (DAA) is material to the disability determination [];
5  reevaluate Plaintiff's subjective statements about symptoms; further consider Plaintiff's residual
6  functional capacity (RFC); obtain supplemental vocational expert evidence as necessary; [and]
7  take further action as warranted to complete the administrative record and issue a new decision."
8  *Id*. at 2-3. Noting that in cases where substance abuse is a factor, Defendant asserts that an ALJ
9  must apply the sequential evaluation process twice – first, to determine whether Plaintiff's
10 impairments establish disability; and, second, to determine if the individual would still be disabled
11 if substance abuse were to be discontinued. *Id*. at 4. In this regard, Defendant adds that Plaintiff's
12 request for an immediate award of benefits overlooks the fact that his polysubstance abuse,
13 "including intravenous drug use, heroin, cannabis, cocaine, methamphetamine, and alcohol
14 [abuse]," combined with the fact that the record is replete with "conflicts and ambiguities in the
15 evidence," demonstrate that the record is in need of further development before a disability
16 determination can be conclusively rendered. *Id*. at 4. Specifically, Defendant notes that three
17 consultative examiners have rendered conflicting views regarding the degree of impairment in
18 Plaintiff's mental functioning with: (1) Salma Khan, M.D., opining that Plaintiff was unimpaired,
19 or mildly impaired, in various areas; and, (2) Jonathan Howard, Psy.D., and Lesleigh Franklin,
20 Ph.D., opining that Plaintiff was afflicted with moderate to marked limitations in various areas. *Id*.
21 at 5 (citing *AR* at 490-94, 498-505, 509-15.).

22 As it relates to the scope of a potential remand for further proceedings, Defendant submits
23 that the court should reject Plaintiff's alternative request for a narrowly framed remand because it
24 would limit the Commissioner to the sole task of determining whether Plaintiff was disabled
25 before May of 2018. *See* Def.'s Mot. (dkt. 30) at 5. Essentially, Defendant is concerned that a
26 narrow remand would hamstring the ALJ's review because Plaintiff has since been found disabled
27 and eligible for supplemental security income as of May 2018 based on a later-submitted
28 application that is not involved in this appeal but which may be disturbed if the court issues a

broad mandate on remand. *See id*. at 5.

In his opening brief, Plaintiff asks for an application of the credit as true rule and an immediate award of benefits by contending: that the record has been fully developed; that there are no outstanding issues that must be resolved; and, that there is no doubt that Plaintiff is disabled. *See* Pl.'s Mot. (dkt. 25) at 27-28. In this regard, Plaintiff's opening brief essentially justifies the request for an immediate award of benefits on the suggestion that the ALJ failed to give legally sufficient reasons for rejecting the opinions of Nurse Lagor, Drs. Howard and Franklin, as well as Plaintiff's testimony – suggesting that if this evidence were credited as true, then Plaintiff must be found disabled on remand from the alleged onset date of November 18, 2014. *Id*. at 27. However, Plaintiff's argument for an immediate award of benefits fails to mention the conflicting opinion evidence provided by the consultative psychiatrist, Dr. Salma Khan, wherein Plaintiff was found to be unimpaired as to four areas of mental functioning and only mildly impaired as to the other four areas. *See id*. at 27-28; *see also AR* at 504-05. Further, the argument for an immediate award of benefits – as repeated in Plaintiff's reply – similarly omits any discussion of the conflict in the body of medical opinion evidence in the record given rise to by Dr. Khan's opinions. *See* Pl.'s Reply Br. (dkt. 31) at 1-5.

However, Plaintiff's argument about limiting the scope of remand is more sensible. Following the ALJ's denial of Plaintiff's Title XVI claim that is the subject of the present appeal (namely, an application with an onset date of November 18, 2014), Plaintiff filed another claim for Title XVI benefits on May 31, 2018, which the Commissioner granted on October 24, 2018, finding that Plaintiff was disabled as of the date of his second application. *See id*. at 5-6. Plaintiff then submits that the terms of Defendant's proposed remand may potentially cause Plaintiff's subsequently adjudicated application to be reopened such that both claims could potentially be reassigned to the same ALJ who denied the original application for reweighing of the entirety of the evidence, and a new determination as to past and present disability. *Id*. at 6. In essence, Plaintiff contends that such a broad mandate of remand could become "potentially punitive because it could result in the deprivation of Plaintiff's continuing benefits." *Id*. Thus, Plaintiff requests a limited mandate on remand, namely, "an order specifically directing the ALJ to [only]

4

1 determine whether Plaintiff was disabled prior to May [31st] 2018," because to do otherwise
2 would amount to "[f]orcing Plaintiff to decide whether to appeal the wrongful denial of his prior
3 claim and potentially jeopardize his continued receipt of benefits in the process, or abandon the
4 appeals process entirely with respect to his prior claim . . . [neither of which would] serve the
5 interest of justice and [both of which would serve to] defeat[] the purpose of the Social Security
6 Act." *Id*.

7 By way of sur-reply, Defendant contends that benefits granted in a subsequent application
8 may affect the manner in which the agency would proceed on the reevaluation of a previous
9 application that has become the subject of a remand order. *See* Def.'s Reply Br. (dkt. 32) at 4.
10 Noting that while the Appeals Council will generally not reopen a favorable determination based
11 solely on the fact that there are different outcomes in a remanded ALJ decision and a subsequent
12 allowance, Defendant submits that "the Appeals Council needs to consider whether and to what
13 extent the evidence in the subsequent application file affects the pending application in order to
14 instruct the ALJ on remand." *Id*. (citing the agency's "Hearings, Appeals, and Litigation Manual"
15 (HALLEX) at I-1-10-30, available at 2013 WL 4536777). Defendant, therefore, submits that the
16 court should deny Plaintiff's request for a limited mandate on remand because doing so "would
17 preclude the agency from considering the subsequent claim and evidence that could be relevant to
18 the instant case." *See* Def.'s Reply Br. (dkt. 32) at 6.

19 ***Nature of Remand***

20 Plaintiff's request for a remand for immediate payment of benefits under the credit as true
21 doctrine is unpersuasive for a number of reasons. First, the interaction between Plaintiff's
22 substance abuse and his impairments presents an added layer of complexity that renders it more
23 difficult than usual to weigh the conflicts between the opinions of the various consultative
24 examiners that have opined as to Plaintiff's work-related abilities. Second, the fact that the opinion
25 evidence shows some degree of conflict in this regard renders the case unsuitable for application
26 of the credit as true doctrine at this stage. Third, the fact that a subsequent application has been
27 adjudicated favorably boils down to the fact that, now, Plaintiff's argument essentially asks the
28 court to apply credit as true doctrine and to find him disabled during a period of time between the

5

alleged onset date of the application that is the subject of this appeal (namely, November 18, 2014), and the onset date for which his subsequent application was granted (May 31, 2018); which, as discussed below, would require further development of the record.

As mentioned, Plaintiff's request for an order remanding the case for benefits during the period between 2014 and 2018 asks the court to credit the improperly rejected opinions of two consultative examiners, Drs. Howard and Franklin (two psychologists), as well as Plaintiff's testimony, while basically ignoring or overlooking the conflicting opinion of a third consultative examiner, Dr. Khan (a psychiatrist). In July of 2015, Dr. Howard evaluated Plaintiff and administered a battery of tests resulting in Axis-I diagnoses of a mood disorder, polysubstance abuse disorder, and a cognitive disorder with borderline intellectual functioning and a full-scale IQ score of 70. *See AR* at 490-92. Dr. Howard also provided a medical source statement and opined that Plaintiff's work-related abilities were moderately impaired with respect to interacting with others; moderately to markedly impaired with respect to understanding and executing simple instructions and tasks; and markedly impaired with respect to attention and concentration, adapting to changes in a working environment, maintaining pace and persistence, and performing within a schedule and maintaining regular attendance. *Id*. at 493-94. A few months later, in November of 2015, Dr. Franklin evaluated Plaintiff and administered a slightly different battery of testing resulting in Axis-I diagnoses of schizoaffective disorder, posttraumatic stress disorder, and borderline intellectual functioning with a full-scale IQ score of 78. *Id*. at 509, 513-14. Dr. Franklin opined that Plaintiff was moderately impaired in the ability to understand, remember, and execute simple instructions, as well as in his abilities to interact appropriately with co-workers, the public, and supervisors. *Id*. at 515. Dr. Franklin found Plaintiff to be markedly impaired in understanding, remembering, or executing detailed instructions, in maintaining attention and concentration for two hour segments, and in maintaining a consistent pace, regular attendance, and responding to changes in the routine work setting or dealing with normal work stressors. *Id*. As to completing a normal workday without interruptions due to psychological symptoms, Dr. Franklin opined that Plaintiff's limitation was extreme. *Id*. Thereafter, nearly two years later, Plaintiff underwent a third consultative examination by a psychiatrist, Dr. Salma Khan, in early March of 2017,

resulting in only the following diagnostic impressions: antisocial personality disorder traits; history of intravenous drug use; heroin use disorder; cannabis use disorder; cocaine use disorder; methamphetamine use disorder; and alcohol use disorder. *Id*. at 498-504. Dr. Khan opined that Plaintiff was unimpaired as to the ability to understand, remember, and execute simple instructions, or to maintain regular attendance, or to perform work activities without special or additional supervision. *Id*. at 504-05. Dr. Khan further opined that Plaintiff's abilities in the remaining categories of work-related functioning were only mildly impaired. *Id*.

First, because of the differences between psychology and psychiatry, the court cannot simply discard Dr. Khan's opinions in favor of the opinions rendered by Drs. Howard and Franklin in order to find that Plaintiff was in fact disabled between 2014 and 2018. Second, because Dr. Khan's opinion was rendered in 2017, nearly two years after the opinions rendered by Drs. Howard and Franklin, the record is in need of further development that would be focused on what changes might have taken place between 2015 and 2017 that might explain the differences between the limitations opined by these three examining consultants. Accordingly, because the record is in need of further development in this regard, and also because upon review of this record, the court cannot conclude that there is no doubt that Plaintiff was in fact disabled during the period between 2014 and 2018, Plaintiff's request for an application of the credit as true doctrine and a remand for an immediate payment of benefits is **DENIED**.

### *Scope of Remand*

Regarding the breadth of the mandate on remand for further proceedings, the court will note at the outset that the parties' arguments appear largely unresponsive to one another such that what one party requests does not necessarily implicate the concerns raised by the other party. In essence, Plaintiff seeks a remand with a limited mandate directing the ALJ to only consider whether Plaintiff was disabled during the period between November of 2014 and May of 2018, so as to prevent the Commissioner from reopening or revisiting the granting of his subsequently filed application wherein he was found disabled as of May of 2018. Meanwhile, Defendant submits that the court should remand the case with a broad mandate containing no date limitations such that the ALJ can consider evidence that might exist outside of the record as currently developed. In short,

the court will note that Plaintiff's subsequently granted application is not before the court; and, thus, the court has no jurisdiction to prevent or otherwise preclude the Commissioner from revisiting or reopening that application because the Commissioner "may reopen a final determination or decision on [his] own initiative," and "may revise that determination or decision" provided that certain conditions are met. 20 C.F.R. § 404.987(b); *see also* § 416.987. In essence, within 12 months from the notice of the initial determination on his second application (which has since passed) the Commissioner may reopen the determination "for any reason," however, following that period, the Commissioner would need to "find good cause, as defined in § 404.989, to reopen the case." 20 C.F.R. § 404.988; *see also* §§ 416.988 and 416.989. In either case, because Congress has committed the decision on reopening a case to the discretion of the Commissioner, subject to compliance with those regulations, this court – in the present posture – does not possess the authority to preclude him from doing so by limiting the scope of remand with the intent to prevent the consolidation of the two determinations regarding Plaintiff's disability benefits. *See e.g., Encarnación v. Astrue*, 724 F. Supp. 2d 243, 245 (D. P.R. 2010) ("The court lacks jurisdiction over the subsequent award of benefits because no appeal from that claim has been taken to the district court."); *see also Davis v. Astrue*, 2011 U.S. Dist. LEXIS 121777 *5-6 (D. N.H. 2011); *see also Baker on Behalf of Baker v. Sullivan*, 880 F.2d 319, 321 (11th Cir. 1989) ("[T]he district court had no jurisdiction over the 1985 award when it remanded the case for reconsideration of the 1979 claim. No appeal from that claim had been taken to the district court."). However, in view of the fact that the Commissioner has subsequently found Plaintiff disabled as of May 2018, the relevant time period for purposes of the court's review is from November 18, 2014 (the alleged onset date in the application before the court) to May 31, 2018 (the date from which Plaintiff was found disabled through his subsequent application) – accordingly, the scope of the remand herein ordered shall be confined to that closed period. *See Guillen v. Colvin*, No. 13-cv-8170-RNB, 2014 U.S. Dist. LEXIS 131262, at *7-8 (C.D. Cal. 2014).

Initially, the court will note that it is a well-established and longstanding principle of administrative law that this court may, in its discretion, choose to limit the scope of a remand to a

8

government agency. *See e.g.*, *Braniff Airways v. Civil Aeronautics Board*, 379 F.2d 453, 468 (D.C. Cir. 1967) (stating that "the decision whether or not to limit the scope of the proceedings on remand involves the sound discretion of the reviewing court"); *see also id*. at n.11 ("We have frequently remanded agency cases with specific directions and we have no reservations about our statutory power to do so.") (citations omitted); *see also Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989) ("Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."). In this regard, it should be abundantly clear that the scope of the mandate on remand will necessarily depend on the nature of the errors that are to be remedied. *See e.g., T.G. v. Colvin*, 2014 U.S. Dist. LEXIS 44989, at *12 (S.D.N.Y. 2014) ("In determining how to limit the scope of remand, the decision is largely dictated by the type of error made by the ALJ or Commissioner."); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001) ("[W]hat instructions should accompany a remand order will turn on the nature of the error at the ALJ proceedings.").

In the instant case, since Plaintiff has already been found disabled from May 31, 2018, the only thing that is unclear from the record, and for which further proceedings are necessary, is to determine whether Plaintiff was disabled between November 18, 2014, and May 31, 2018. Therefore, the court will, in the exercise of its discretion, limit the scope of the additional evidence that the ALJ may accept on remand to determe whether Plaintiff was disabled during this period. *See Goodwin v. Comm'r, SSA*, No. 09-00469 LEK-BMK, 2011 U.S. Dist. LEXIS 58023, at *41 (D. Haw. 2011); *see also Ruiz v. Apfel*, 24 F. Supp. 2d 1045, 1050 (C.D. Cal. 1998) (remanding for further administrative proceedings where the remand order "makes it very plain that the remand was for a limited purpose," and there was "no basis [by virtue of this remand] for the ALJ to review issues that had been determined in plaintiff's favor" and not appealed); *see also Dawson v. Colvin*, No. C14-501-BJR-JPD, 2014 U.S. Dist. LEXIS 182723, at *22 (W.D. Wash. Dec. 22, 2014) (same); *Wesselius v. Astrue*, No. C11-2175-JCC-BAT, 2012 U.S. Dist. LEXIS 144756, at

*10-12 (W.D. Wash. Aug. 27, 2012) (same); *Gallagher v. Astrue*, 2009 U.S. Dist. LEXIS 774, 2009 WL 57033 (C.D. Cal. Jan. 6, 2009) (although remand was limited to step four and step five issues regarding plaintiff's past relevant work and alternate work, the ALJ improperly reassessed plaintiff's severe impairments at step two, plaintiff's RFC within step four, and eliminated moderate limitations previously found).

## CONCLUSION

Accordingly, as discussed above, Plaintiff's Motion for Summary Judgment (dkt. 25) is **GRANTED in part** and **DENIED in part**, and Defendants Motion for Remand (dkt. 30) is **GRANTED in part** and **DENIED in part**. The case is remanded for further proceedings **only** to determine whether Plaintiff was disabled during the period between the alleged onset date in the application which is the subject of this appeal (to wit, November 18, 2014) and the onset date of his subsequently granted application (to wit, May 31, 2018).

**IT IS SO ORDERED.**

Dated: June 1, 2020

ROBERT M. ILLMAN
United States Magistrate Judge